In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00914-CR

____________


ERIC EUGENE COOPER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1013697






MEMORANDUM OPINION

 On August 8, 2006, appellant entered a plea of not guilty and was convicted
by a jury of the offense tampering with a government document. Appellant then
waived his right to have a jury assess his punishment, and entered a written agreement
with the State as to punishment. The written plea agreement was signed by appellant
under oath and provided in part:

 "the prosecutor will recommend that my punishment should be set at 15
years and I agree to that recommendation. . . . Further, I waive any right
of appeal which I may have should the court accept the foregoing plea
bargain agreement between myself and the prosecutor."


The document was also signed by appellant's counsel, the prosecutor and the trial
court. In accordance with appellant's plea agreement with the State, the trial court
assessed punishment at confinement for 15 years. Despite having waived his right
to appeal, appellant filed a pro se notice of appeal. 

 There is nothing in the record indicating that appellant's waiver of his right to
appeal was not voluntarily, knowingly, and intelligently made. There is also nothing
indicating that the trial court gave his consent for an appeal. A valid waiver of the
right to appeal will prevent a defendant from appealing without the consent of the
trial court. See Monreal v. State, 99 S. W. 3d 615 (Tex. Crim. App. 2003).

 Accordingly, we dismiss the appeal for lack of jurisdiction. 

 We deny as moot any pending appeals.

PER CURIAM

Panel consists of Justices Nuchia, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b).